The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Scott Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement received 1 December 1994, as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Constitution State Service Company was the servicing agent for defendant-employer at all times relevant to this claim.
4. Plaintiff gave defendant-employer proper notice in compliance with G.S. § 97-22.
5. In addition, the parties stipulated into evidence the following:
 (a) A twenty-nine page packet of medical records and reports from Dr. James E. Rice.
 (b) A fifty-three page packet of medical records and reports from Hamlet Hospital.
 (c) A four page packet of medical records and reports from Richmond Memorial Hospital.
 (d) A seven page packet of medical records and reports from Moore Regional Hospital.
 (e) A seven page packet of medical records and reports from Dr. Dale Simpson.
 (f) A twelve page packet of medical records and reports from Dr. J. Stanley Vetter.
 (g) A two page packet of medical records and reports from Dr. Donald K. Wallace.
6. The parties stipulated that if the claim is deemed to be compensable, plaintiff's average weekly wage may be determined by an Industrial Commission Form 22 Wage Chart.
7. Stipulations regarding the deposition testimony of Dr. James E. Rice, dated 10 August 1995, are stipulated into evidence.
* * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the deposition of Dr. James E. Rice are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing of the above-captioned matter, plaintiff was 65 years old. Plaintiff had been employed by defendant-employer for approximately twenty-five years. Plaintiff's job was that of a "spot checker" which involved laying individual hose out to inspect for flaws and tieing them together for delivery to the "material handler." The job required plaintiff to service in excess of forty machines.
2. Plaintiff's average weekly wage was $353.29.
3. Plaintiff lives in Hamlet, North Carolina. Plaintiff concluded her education in the tenth grade, but has since received her GED.
4. In October of 1992, plaintiff testified that she was standing near a machine when a co-worker inadvertently pushed a buggy into the plaintiff. Plaintiff also testified that she was struck with such force that she was required to grab onto the machine to prevent herself from falling and that the impact caused immediate pain in her lower back and legs. However, plaintiff's testimony is not accepted as credible.
5. Plaintiff also testified that as a result of this incident in October of 1992, she experienced immediate low back pain and leg pain for which she sought treatment from Dr. Stanley Vetter. Plaintiff had two contacts with Dr. Vetter's office in October of 1992, the first being on 15 October 1992. At that time, plaintiff had chest pains, difficulty sleeping, pain in her feet, and headaches. Subsequently, on 22 October 1992, plaintiff made no reference to being struck in the back by a buggy and had no complaints of any low back or leg pain. At that time, plaintiff was complaining of headaches.
6. Plaintiff was seen in the emergency room of Hamlet Hospital on several occasions in January and February of 1993. At that time, plaintiff complained of a cough, sore throat, earache, low back pain, shoulder pain, abdominal pain, burning on urination, nausea, chills and fever. At that time, plaintiff gave no history of being struck by a buggy.
7. In September of 1993, plaintiff saw Dr. George Ferre for back and leg pain which plaintiff related to "lifting."
8. In addition, there is insufficient medical evidence of record from which to determine by its greater weight that any incident which plaintiff sustained with a buggy in October of 1992 caused or aggravated any back or leg pain of which plaintiff complains.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In October of 1992, plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS:bjp